NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1025
_____

VAIDAS KULBERKIS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Administrative Order of
the Department of Homeland Security
(Agency No. A205-016-173)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2012

Before: RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed November 19, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Vaidas Kulberkis, a citizen of Lithuania, petitions for review of an order of

deportation issued by United States Immigration and Customs Enforcement ("ICE"), an

arm of the Department of Homeland Security. For the reasons that follow, we will deny

the petition.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. In June 2009, Kulberkis was admitted to the United States pursuant to the Visa Waiver Program ("VWP"). Under that program, "a qualifying visitor may enter the United States without obtaining a visa, so long as a variety of statutory and regulatory requirements are met." Bradley v. Att'y Gen. of the U.S., 603 F.3d 235, 238 (3d Cir. 2010). "Once admitted under the VWP, a visitor may remain in the United States for 90 days." Id. (citing 8 U.S.C. § 1187(a)(1)). "[A] VWP visitor must waive his or her right to contest the government's admissibility determinations and removal actions, except that the alien may contest removal actions on the basis of asylum." Bradley, 603 F.3d at 238 (citing 8 U.S.C. § 1187(a)-(b)). "[U]nlike the ordinary removal case, a VWP entrant's removal 'shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effected without referral of the alien to an immigration judge for a determination of deportability.'" Bradley, 603 F.3d at 238 (quoting 8 C.F.R. § 217.4(b)).

Kulberkis ultimately remained in the United States beyond the VWP's 90-day period. In March 2011, he married Dawn Petro, a United States citizen, in New Jersey. In December 2011, ICE's Field Office Director for Newark, New Jersey, ordered that

2

Kulberkis be deported for having remained in the country for a time longer than permitted. Kulberkis now challenges that order.[1]

## II.

Kulberkis presents two arguments in support of his petition. We consider them in turn.

He first contends that, although he was admitted to the United States as a VWP entrant, the record fails to establish that he waived his right to a removal hearing. We previously considered a similar argument in Bradley. There, Petitioner Heathcliffe Bradley claimed that his waiver under the VWP was invalid because it was not knowing and voluntary. Bradley, 603 F.3d at 239-40. Because that claim amounted to a due process challenge under the Fifth Amendment, we explained that Bradley could not prevail unless he established that he was "substantially prejudiced" by the allegedly invalid waiver. Id. at 240. We ultimately concluded that Bradley had not made that showing, for "[h]ad Bradley known the contents of the waiver and refused to sign, he would be in the same position as he is now — subject to summary removal without a hearing — and he would not now be eligible to adjust his status on the basis of his marriage to [his United States citizen wife]." Id. at 241. Because we are not persuaded

---

[1] We have jurisdiction over Kulberkis's petition based on our authority to review final orders of removal. See 8 U.S.C. § 1252(a)(1); Bradley, 603 F.3d at 237 n.1. Although ICE's order was styled as an order of "deportation," not an order of "removal," "[w]e have repeatedly held, in a variety of contexts, that the terms 'deportation' and 'removal' are interchangeable." Sarango v. Att'y Gen. of the U.S., 651 F.3d 380, 383 (3d Cir. 2011).

3

that there is a meaningful distinction between <u>Bradley</u> and the case at bar, our reasoning in <u>Bradley</u> forecloses relief here.[2]

Kulberkis's remaining argument is that his deportation order is void "because it was issued without allowing [him] to apply for marriage-based adjustment of status" under 8 U.S.C. § 1255(c)(4).[3] (Pet'r's Opening Br. 1.) Again, we considered a similar argument in <u>Bradley</u>. There, we held that, "although Bradley was once statutorily eligible under 8 U.S.C. § 1255(c)(4) for the adjustment he now seeks, he may not, after the expiration of his 90-day stay [under the VWP], adjust his status as a defense to removal." <u>Bradley</u>, 603 F.3d at 242. Although Kulberkis maintains that his case is distinguishable from <u>Bradley</u> "because Bradley has filed his application for adjustment of status . . . and it was denied," (Pet'r's Opening Br. 3), our holding in <u>Bradley</u> did not hinge on those facts. Rather, it hinged on the fact that Bradley applied to adjust status after the expiration of the VWP's 90-day period. Because Kulberkis now seeks to do the same, our reasoning in <u>Bradley</u> controls and forecloses relief here.

In light of the above, we will deny Kulberkis's petition for review.

---

[2] Given our resolution of this claim, we deny as unnecessary the Government's motion to supplement the record with evidence that Kulberkis indeed executed the VWP waiver.

[3] Although § 1255(c)(4) "generally makes VWP entrants ineligible for the 'adjustment of status' remedy," that provision "carves out an exception for VWP entrants seeking to adjust their status on the basis of an immediate-relative petition. The term 'immediate relative' includes the spouse of a U.S. citizen." <u>Bradley</u>, 603 F.3d at 242 n.6 (citing 8 U.S.C. § 1151(b)(2)(A)(i)).

4